831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David McKISSICK, Plaintiff-Appellee,
v.
GRAND SECURITY GUARD COMPANY; Grand Money Order Company,
Inc.; Harold Grodman d/b/a Grand Patent Medicine;
and Harold Grodman, an individual,
Defendants-Appellants.
 No. 86-1896
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before MERRITT, KRUPANSKY and David A. NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this case brought under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 207, in which District Judge Gilmore awarded the appellee $49,125 plus costs and attorneys' fees, the questions presented on appeal are: (1) whether three businesses owned by Harold Grodman are sufficiently 'integrated' and 'related' to form an 'enterprise' covered by Sec. 203(r) of the Act[1]; (2) whether the appellee was excluded from coverage of the Act under Sec. 213(a)(1) as an administrative employee[2]; and (3) whether the District Court correctly calculated the amount of overtime pay due the appellee. We agree with Judge Gilmore that the three businesses form an integrated 'enterprise' for purposes of Sec. 203(r) of the Act and that appellee McKissick is not excluded from coverage as an administrative employee. However, we do not agree with Judge Gilmore that there was sufficient evidence to support a finding that appellee McKissick should receive overtime pay based on a regular pay rate of $5.00 per hour. We therefore reverse and remand to the District Court for a new calculation of the amount of overtime pay due the appellee.
 
 
 2
 Grand Patent Medicine, Grand Security Guard Company, and Grand Money Order Company are all controlled by appellant Harold Grodman. Appellee David McKissick was hired by Grand Security Guard Company as a security guard in 1970. He worked as a security guard in the Grand Patent Medicine Store. His duties included scheduling work for other employees of Grand Security Guard, acting as a security guard for the Grand Patent Medicine Store, running the lottery machine in the store, and, on occasions, picking up and delivering money orders for Grand Money order. He received a salary of $200 a week and worked 65 hours per week.
 
 
 3
 In 1985, McKissick left the employ of Grand Security Guard. Shortly thereafter, he filed a complaint against the appellants alleging that he should have been paid overtime for the period between September 23, 1982 and September 23, 1983. He also asserted that appellants acted willfully and demanded liquidated damages, attorneys' fees, and costs.
 
 
 4
 A bench trial was held before the Honorable Horace W. Gilmore on August 6-7, 1986. On August 29, 1986, the District Court entered a judgment for McKissick, awarding him $49,125 plus costs and attorneys' fees. This appeal followed.
 
 
 5
 I. The Three Businesses Are An 'Enterprise'
 
 
 6
 The three tests used to establish that businesses are an 'enterprise' within the meaning of Sec. 203(r) of the Act are: (1) common control or unified operation; (2) related activities; and (3) a common business purpose. Brennan v. Arnheim & Neely, Inc., 410 U.S. 512, 518 (1973). Appellants conceded that the first test is met, as David Grodman controls Grand Security Guard Company, Grand Money Order Company, and Grand Patent Medicine.
 
 
 7
 The activities of Grodman's three businesses were 'related.' When the concept of 'enterprise' coverage was introduced into the Fair Labor Standards Act in 1961, the report of the Senate Committee on Labor and Public Welfare, prepared in connection with the amendments stated that activities are 'related' when they are 'the same or similar' or when they are 'auxiliary and service activities.' S. Rep. No. 145, 87th Cong., 1st Sess. 41 (1961), reprinted in 1961 U.S. Code Cong. & Admin. News pp. 1620, 1660. In this case, all three of the businesses have operations in the same building. The employees of the businesses were at least partially interchangeable. Appellee McKissick worked as a security guard in the Grand Patent Medicine store, but he also carried out functions for both Grand Patent Medicine and Grand Money order which were unrelated to his role as a security guard. Additionally, Grand Security Guard Service provided all of Grand Patent Medicine's security, and Grand Patent Medicine was an agent for Grand Money order. It is thus clear from the record that the three businesses performed related activities.
 
 
 8
 It is also evident from the record that a common business purpose existed. What is a 'common business purpose' in any particular case involves a practical judgment based on the facts in light of the statutory provisions and the legislative intent. 29 C.F.R. Sec. 779.213 (1986). In this case, that the three businesses were operated so as to form a part of a unified business system is readily apparent from the facts. Employees performed services for more than one of the companies. All three of the companies operated out of the Grand Patent Medicine store. The record indicates that even the employees sometimes had difficulty keeping the three companies separate in their minds. Therefore, because the businesses had common ownership, engaged in related activities, and had a common business purpose, we hold that they are an 'enterprise' within the meaning of Sec. 203(r) of the Act.
 
 II. McKissick Is Covered By the Act
 
 9
 Appellant claims that McKissick worked in a supervisory capacity and thus is exempt from coverage under Sec. 213(a)(1) of the Act. While McKissick did give out work assignments to other security guards, his supervisory functions were limited and he had very little discretionary power. Additionally, of the 65 hours per week that McKissick worked, 44 of those hours, or 67%, were spent in a nonsupervisory capacity. The trial court was therefore correct in holding that McKissick was not employed in a bona fide executive, administrative, or professional capacity.
 
 
 10
 III. The Trial Court's Calculation of Back Pay Was
 
 Erroneous
 
 11
 The trial court found that McKissick's hourly wage was $5.00 per hour, and thus that his overtime wages were $7.50 per hour. The court made this calculation by dividing McKissick's weekly salary of $200 per week into a 40 hour week. The only evidence in the record to support this calculation is McKissick's statement that his salary 'averaged out to about $5 per hour.' No other evidence supports the finding that McKissick's salary was based on a forty hour week. The court below found that McKissick worked 65 hours per week. The proper calculation would be to divide McKissick's weekly salary of $200 into 65 hours. This calculation would obtain a rate lower than the statutory minimum wage; therefore, the statutory minimum wage is the rate which would be the appropriate basis for calculating the proper overtime wage rate. Thus the proper time-and-a-half overtime rate would be $5.03 per hour, rather than the $7.50 per hour which the district court found. Appellants did not contest the District Court's finding of willfulness; therefore, the proper award would be based on a calculation of 25 hours of overtime per week for 262 weeks, or $32,946.50.
 
 
 12
 Appellants also argued that the trial court erred in failing to delete vacation time from its overtime calculations. However, appellants failed to keep records of vacation time taken by employees. Because no evidence to support appellants' argument is in the record, we cannot say that the trial court erred by not subtracting any vacation time from its calculations.
 
 Conclusion
 
 13
 The trial court was correct in its determination that Grand Patent Medicine, Grand Security Guard Company, and Grand Money Order Company constitute an 'enterprise' within the meaning of the Fair Labor Standards Act. It was also correct in determining that appellee McKissick falls within the scope of the Act's coverage. The trial court erred, however, in calculating the back pay award due McKissick. For the foregoing reasons, the judgment of the District Court is affirmed in part and reversed and remanded in part for a calculation of back pay consistent with this opinion.
 
 
 
 [1]
 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor
 
 
 [2]
 The provisions of sections 206 and 207 of this title shall not apply with respect to--
 (1) any employee employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).